IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00300-RJC-DSC

| | |
|---|---|
| **MEARS GROUP INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SOUTHEAST UNDERGROUND SERVICES INC., FAIRVIEW FUNDING LLC, CAROLINA ENVIRONMENTAL RESPONSE TEAM INC., ON POINT HDD LLC, and AMERICOM TECHNOLOGY INC.,** | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant Americom Technology Inc.'s, Motion To Dismiss Count I of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (document # 18) filed July 16, 2020, and "Defendants Carolina Environmental Response Team Inc. and On Point HDD LLC'S, Motion To Dismiss Count I of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (document #21) filed July 21, 2020.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be denied.

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the allegations of the Complaint as true, non-party Piedmont Natural Gas engaged Plaintiff Mears for construction work in Charlotte. Mears then subcontracted with Defendant SEUS for drilling work. SEUS subcontracted with Defendants CERT, On Point, and Americom ("the second-tier subcontractors").

On or about August 29, 2019, Mears was notified that SEUS assigned all amounts payable to SEUS to Defendant Fairview.

When SEUS finished its work, Mears owed a contract balance of $468,000. But before Mears could pay the balance to Fairview, Mears received claims of lien on the funds by the second-tier subcontractors pursuant to N.C. Gen. Stat. § 44A. Fairview also asserted a superior right to be paid the balance under the SEUS contract.

If Mears distributes the funds to Fairview, it risks double liability to the second-tier subcontractors pursuant to N.C. Gen. Stat. § 44A-20. If Mears distributes the funds to the second-tier subcontractors, Fairview has threatened claims against Mears based upon the assignment.

Mears lacks sufficient information about the validity of the claims of lien, whether the lien claimants actually performed work for the amounts claimed, and whether the liens comply with the requirements of Chapter 44A. However, Mears is ready and willing to pay the $468,000 due under the subcontract. Mears brings this interpleader action under FRCP 22 seeking to deposit the $468,000, less a deduction for reasonable attorneys' fees and costs, with the Court.

The second-tier contractors moved to dismiss Mears's interpleader action pursuant to FRCP 12(b)(6). Fairview is subject to a bankruptcy stay.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. Interpleader Action

Fed. R. Civ. P. 22 provides, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Interpleader has been explained as:

> [W]here two or more persons are engaged in a dispute over some property, and the subject of that dispute is in the hands of a third party who is willing to give up the property, the third person is not obliged to be at the expense and risk of defending the action. Rather, the third party may give up the property and be relieved from further actions concerning the matter, leaving the court to resolve the dispute between the persons claiming an interest in the disputed property.

Selective Ins. Co. of Am. v. Norris, 209 F. Supp. 2d 580, 581 (E.D.N.C. 2002).

4

"Interpleader under Fed. R. Civ. P. 22 is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." Coastal Rehab. Servs., P.A. v. Cooper, 255 F. Supp. 2d 556, 558 (D.S.C. 2003). It is an "equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Id. at 558-59. "The purpose of an interpleader action is to protect the stakeholder against excessive litigation when there are multiple claims to a single stake." CMFG Life Ins. Co. v. Schell, No. GJH-13-3032, 2014 WL 7365802, at *2 (D. Md. Dec. 22, 2014) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 534 (1967)). "Without interpleader actions, a stakeholder would be left with the unappealing prospect of either choosing one claimant over the other and facing action by the disappointed suitor or holding the stake and awaiting suit by both." CMFG Life Ins. Co., 2014 WL 7365802, at *2 (quotations omitted).

The second-tier subcontractors argue that this interpleader action must be dismissed because they clearly have a superior claim to the funds. They claim that under North Carolina law, claims of lien have priority over assignments and the funds must be divided between the second-tier subcontractors on a pro rata basis. N.C. Gen. Stat. §§ 44A-21(a), 44A-22 (2020). In diversity jurisdiction, this Court must apply North Carolina law under N.C. Gen. Stat. § 44A. See Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007).

But this is not a 12(b)(6) argument. Both Motions to Dismiss are premised upon a determination of the validity of the claims at issue. It is premature for the Court to determine the validity of these claims. See Selective Ins. Co. of Am., 209 F. Supp. 2d at 581; In re Paysage Bords De Seine, 1879 Unsigned Oil Painting on Linen by Pierre-Auguste Renoir, 991 F. Supp. 2d 740, 743 (E.D. Va. 2014) ("An interpleader action is normally conducted in two stages… During the

5

Case 3:20-cv-00300-RJC-DSC   Document 28   Filed 08/21/20   Page 5 of 7

first stage, courts determine whether the action is appropriate and whether the stakeholder is entitled to bring the action. During the second stage, courts determine the rights of the competing claimants to the property or fund."). If the second-tier subcontractors' claims are superior, that argument is properly addressed at the summary judgment stage. See CMFG Life Ins. Co., 2014 WL 7365802, at *4; In re Paysage Bords De Seine, 991 F. Supp. 2d at 743.

The Complaint sufficiently alleges that multiple parties have submitted competing claims to the funds held by Mears. Accordingly, the undersigned respectfully recommends that "Defendant Americom Technology Inc.'s Motion To Dismiss Count I of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" and "Defendants Carolina Environmental Response Team Inc. and On Point HDD LLC'S Motion To Dismiss Count I of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants American, CERT, and On Point's "Motion[s] to Dismiss" (documents #18, #21) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: August 21, 2020

David S. Cayer
United States Magistrate Judge