UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-300-RJC-DSC

| | |
|---|---|
| MEARS GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUTHEAST UNDERGROUND ) | ORDER |
| SERVICES, INC., FAIRVIEW ) | |
| FUNDING, LLC, CAROLINA ) | |
| ENVIRONMENTAL RESPONSE ) | |
| TEAM, INC., ON POINT HDD, LLC, ) | |
| and AMERICOM TECHNOLOGY, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff Mears Group, Inc.'s ("Mears Group") Motion for Deposit and Preliminary Injunction, which Plaintiff filed on July 7, 2020 and amended two days later. (Docs. Nos. 15, 17.) Defendants have not responded and the time for doing so has expired. See Local Rule 7.1(e).

I.  BACKGROUND

Plaintiff filed this Rule 22 interpleader action on May 29, 2020. (Doc. No. 1). Mears Group subcontracted with Defendant Southeast Underground Services, Inc. ("SEUS") for directional drilling with a project for Piedmont Natural Gas in Charlotte, N.C. (Doc. No. 1 at 3.) SEUS in turn subcontracted with Carolina Environmental Response Team, Inc. ("CERT"), On Point HDD, LLC ("On Point"), and Americom Technology, Inc. ("Americom") to perform portions of the work

1

described in the subcontract.  (Id.)  After the work was completed, the balance remaining due to SEUS under the subcontract was $468,000, but Mears Group was notified that SEUS had assigned the amounts owed to SEUS under the subcontract to Fairview Funding, LLC ("Fairview") instead.  (Id.)  Between February and June, 2020, Defendants CERT, On Point, and Americom, all served Notices of Claims of Lien on Funds upon the Mears Group pursuant to Chapter 44A of the North Carolina General Statutes.  (Id. at 3–4.)  The total amount claimed by the combined CERT, On Point, and Americom liens were well in excess of the balance remaining due under the subcontract.  (Id. at 4.)  Plaintiff filed this interpleader action alleging that an actual dispute exists among Defendants as to how the balance due should be distributed, and that Plaintiff is ready and willing to pay the full $468,000 remaining subject to its right to seek reimbursement for attorney's fees and costs associated with this action.  (Id. at 4–5.)

In the motions before the Court, Plaintiff seeks to deposit the $468,000 with the Clerk of Court to be held pending determination of the case, and to enjoin any proceedings in any State or Federal Court affecting the $468,000 until further order of this Court.  Defendants did not respond to Plaintiff's motions and the time for doing so has expired.  See Local Rule 7.1(e).

## II. ANALYSIS

Plaintiff has brought this action pursuant to Federal Rule of Civil Procedure 22 for interpleader actions.  (Doc. No. 1 at 1.)  Plaintiff controls $468,000 to which several claimants allege they are entitled in a combined amount surpassing the

available total.  Plaintiff seeks to deposit these funds with the Court and asserts no claim over the funds itself.  (Doc. No. 1.)  Given Plaintiff's stated lack of interest in the funds and their contested nature in this case, it is proper for the funds to be placed with the Court until such time as there is a determination on how the funds will be distributed.  See, e.g., New York Life Ins. Co. v. Youa Vang, No. CIV. 509CV10RLVDSC, 2010 WL 76369, at *2 (W.D.N.C. Jan. 5, 2010) (allowing Plaintiff to deposit contested funds into the Registry of the Court in interpleader action).

"Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund."  Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002).  As a result, in civil interpleader actions Congress has given courts the power to restrain claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."  28 U.S.C. § 2361.  Based on Plaintiff's motion to enter such an injunction pursuant to this provision, Defendants' lack of objection, and the federal court system's interest in avoiding unnecessarily litigating simultaneous identical actions in different courts, this Court will enter such an order here.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Motion for Deposit and Preliminary Injunction, (Doc. No. 17), is **GRANTED**;

2. Plaintiff's original Motion for Deposit and Preliminary Injunction, (Doc. No. 15), is **DENIED as moot**;

3. Plaintiff is **GRANTED LEAVE** and **ORDERED** to deposit into the Registry of the Court the contested $468,000 at issue in this litigation, which the Court hall hold pending termination of the claims at issue in this action;

4. Defendants are enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the $468,000 involved in this interpleader action until further order of the Court.

**SO ORDERED.**

Signed: March 10, 2021

Robert J. Conrad, Jr.
United States District Judge