IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00300-RJC-DSC

| | |
|---|---|
| MEARS GROUP INC., <br><br>Plaintiff, <br><br>v. <br><br>SOUTHEAST UNDERGROUND SERVICES INC., <br>ON POINT HDD LLC, <br>FAIRVIEW FUNDING LLC, <br>AMERICOM TECHNOLOGY INC. AND <br>CAROLINA ENVIRONMENTAL RESPONSE TEAM INC., <br><br>Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Dismiss and Motion for Attorneys' Fees" (document # 31) filed April 8, 2021. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be granted in part and denied in part as discussed below.

### I. Factual Background and Procedural History

Plaintiff Mears Group Inc. filed this interpleader action to avoid liability on competing claims to funds due under a construction contract.

Plaintiff contracted with Defendant Southeast Underground Services Inc. (SEUS) to perform drilling work. Subsequently, SEUS subcontracted with Defendants Carolina Environmental Response Team Inc. ("CERT"), On Point HDD LLC ("On Point") and Americom Technology Inc. ("Americom") (CERT, On Point and Americom, collectively, the "Lien Claimants").

Upon completion of the work, Plaintiff owed a $468,000 balance to SEUS under the subcontract. Because SEUS assigned the amount due it under the subcontract to Defendant Fairview Funding, Fairview claimed it was owed the $468,000. Defendant Lien Claimants each claimed liens totaling at least $585,858.32. Plaintiff is a disinterested stakeholder, taking no position on the validity of the competing claims.

Faced with competing claims to these funds, Plaintiff filed this interpleader action on May 29, 2020. Plaintiff has deposited the funds at issue with the Court consistent with its March 10, 2021 Order.

Following the filing of the interpleader, the Lien Claimants filed a competing state lawsuit on June 8, 2020. Plaintiff alleges the state lawsuit was duplicative and meritless. Plaintiff also claims that the state lawsuit forced it to move for injunctive relief before the Lien Claimants dismissed their case. Counsel for the Lien Claimants never responded to Plaintiff's request that the state lawsuit be dismissed. When Plaintiff filed a motion to dismiss the state lawsuit, the Lien Claimants dismissed their case approximately one hour later. The Lien Claimants continued to pursue motions to dismiss Plaintiff's interpleader action, which were rejected by this Court in an Order entered on March 10, 2021 (document #29).

Plaintiff now seeks to be dismissed from the case with prejudice. Plaintiff also asks the Court to discharge it from any and all liability to any of the Defendants arising out of the obligations under the subcontract, the funds due under the subcontract or through the assignment of the subcontract, and the liens described in the Complaint. Finally, Plaintiff asks the Court to enjoin the Defendants and affiliated parties from commencing any action against it related to the obligations under the subcontract. The Lien Claimants do not object to this relief (document # 35, p. 2). They are the only Defendants that have submitted briefs in response to this Motion.

Plaintiff also asks that it be awarded attorney's fees. The Lien Claimants oppose an award of attorney's fees.

## II.     Discussion

The question before the Court is whether Plaintiff is entitled to attorneys' fees and if so, in what amount. Plaintiff seeks an award of $19,924.83. (document #32-1, Exhibit A).

This Court has discretion to award costs and attorney's fees "whenever it is fair and equitable to do so." Midland Nat'l Life Ins. Co. v. Wilkes, No. 1:19-CV-772, 2020 WL 429206, at *2 (M.D.N.C. Jan. 28, 2020). Although the interpleader statute and Rule 22 of the Federal Rules of Civil Procedure are silent with respect to costs and attorney's fees, courts "frequently award them to stakeholders in successful interpleader actions so as to avoid the cost of multiple lawsuits." Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196, at *2 (W.D.Va. May 9, 2007).

This Court previously acknowledged its discretionary authority to grant costs and fees to a disinterested stakeholder when it is fair and equitable to do so. See Adm'r-Benefits for ExxonMobil Sav. Plan & for Fam. Adjustment Plan v. Lenoir, No. 3:11-CV-437-RJC-DCK,

2012 WL 5930147 (W.D.N.C. Oct. 30, 2012), memorandum and recommendation adopted, No. 3:11-CV-437-RJC-DCK, 2012 WL 5930259 (W.D.N.C. Nov. 27, 2012).

The facts of the present case are analogous to those in Administrator-Benefits. There, the Court found that plaintiffs "[were] entitled to costs and fees for maintaining this interpleader action," in an order dismissing them from the suit with prejudice and discharging them from all liability to the defendants. Adm'r-Benefits, No. 3:11-CV-437-RJC-DCK, 2012 WL 3615216, at *2. The Court reasoned that "Plaintiffs are disinterested stakeholders who have conceded liability, deposited the funds into the Court, and sought discharge from liability. Nonetheless, Plaintiffs have been required to litigate this case for almost one year." Id.

Plaintiff has similarly admitted its liability here and promptly deposited the funds with the Court when ordered to do so. It is a disinterested stakeholder that initiated an interpleader to avoid multiple liability. Plaintiff has now spent over a year litigating the resolution of the interpleader. Therefore, the undersigned respectfully recommends that Plaintiff's Motion for Attorney's fees be granted.

Turning to the issue of the amount, the reasoning in Administrator-Benefits is likewise persuasive. Following the issuance of Judge Robert J. Conrad Jr.'s Order in Administrator-Benefits, Magistrate Judge David C. Keesler considered the issue of attorney's fees. In his Memorandum and Recommendation, which was later adopted by Judge Conrad, Judge Keesler found the following language from ReliaStar Life Ins. Co. of New York v. LeMone, 2006 WL 1133566 at *1—2 (W.D. Va. Apr. 25, 2006) "particularly instructive":

> Though there is no statutory authority to do so, courts often award costs, as well as attorney's fees, to the stakeholder when an interpleader action is successful.... The theory behind such an award is that plaintiff, by seeking resolution of the multiple

claims to the proceeds, benefits the claimants, and that plaintiff should not have to absorb attorney's fees in avoiding the possibility of multiple litigation.

Generally, such a fee will be relatively modest, in as much as all that is necessary to bring an interpleader action is the preparation of a petition, the deposit of the contested funds into the court, service on all the claimants, and the preparation of an order discharging the stakeholder.... The court may take into account a number of factors in deciding the amount of attorney's fees to award: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether the claimants improperly protracted the proceedings.

…

Additionally, courts have declined to award attorney's fees and costs where the amount of fees and costs claimed would significantly deplete the total fund at issue.

Adm'r-Benefits, No. 3:11-CV-437-RJC-DCK, 2012 WL 5930147, at *3–4 (quoting ReliaStar Life Ins. Co., 2006 WL 1133566 at *1–2). Applying the factors from Reliastar, the Court recommended that plaintiffs be awarded fees and costs in amounts far less than requested. Id. at *5. While acknowledging the lack of a bright line in the law guiding a court's determination of the appropriate amount of costs and fees to award in an interpleader action, the Court reasoned:

> the stakeholder's recovery is properly limited to: **the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stake holder.** See, e.g., Reliastar Life Ins. Co. of N.Y. v. Lemone, No. 7:05cv00545, 2006 WL 1133566, at *2 (W.D.Va .Apr.25, 2006); Wright, Miller, & Kane, supra, at § 1719. Furthermore, when such a recovery would substantially deplete the interpleader funds at issue, an additional reduction to the amount awarded is appropriate. Reliastar, 2006 WL 1133566, at *3.

Id. (quoting Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196 at *2) (emphasis in original).

This Court has considered the factors identified in Reliastar: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the

court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether the claimants improperly protracted the proceedings. See ReliaStar Life Ins. Co., 2006 WL 1133566 at *1-2.

Application of those factors here favors an award of costs and fees to Plaintiff. This case involved $480,000 in funds sought by four competing claimants. The Lien Claimants' Motions to Dismiss and competing state lawsuit, Fairview's bankruptcy filing, and SEUS's default added layers of complexity to this matter. By filing this interpleader, Plaintiff provided a mechanism to address the merits of competing claims in a single lawsuit, which is a service to the Defendants. Plaintiff displayed good faith in admitting its liability and promptly depositing the funds when ordered to do so. The services rendered in bringing this action benefitted Plaintiff by allowing them to avoid duplicative litigation. This benefit to the Plaintiff was affected when the Lien Claimants filed the state lawsuit. The Lien Claimants "dispute any statement that their state court filing was meritless and duplicative" (document #36, p. 6). However, they do not explain their basis for this assertion, their motivation for filing the state lawsuit, or their reasons for dismissing the action within an hour after Plaintiff filed a motion to dismiss. These facts suggest that the Lien Claimants have improperly protracted the proceedings, and support Plaintiff's Motion for Attorney's Fees.

The Court also concludes that attorney's fees should be limited to those actions that are necessary to bring an interpleader. As identified in Administrator-Benefits, these actions are 1) the preparation of the petition; 2) the deposit of the contested funds; 3) service on all the claimants; and 4) the preparation of an order discharging the stakeholder. See Adm'r-Benefits, No. 3:11-CV-437-RJC-DCK, 2012 WL 5930147, at *4–5.

The attorney's fees sought by Plaintiff exceed this scope (document #32-1, Exhibit A). The Court limits the award attorney's fees to 1) the preparation of the petition; 2) the deposit of the contested funds; 3) service on all the claimants; 4) the preparation of an order discharging the stakeholder, as well as expenses created by the state lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Attorney's Fees be <u>granted</u> in the amount of $17,908.83.

Plaintiff's Motion to Dismiss is unopposed. The Lien Claimants do not oppose the Court dismissing Plaintiff from this case or discharging Plaintiff from liability relating to the subcontract, aside from the distribution of the funds already deposited with the Court (document #36, p. 2). The Lien Claimants have also stated they have no intent to "further commence or prosecute any action against Plaintiff related to the obligations under the subcontract." <u>Id.</u> Thus, the Lien Claimants do not oppose Plaintiff's request for an injunction. Accordingly, the undersigned respectfully recommends that the Plaintiff's Motion to Dismiss be <u>granted</u>.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss and Motion for Attorneys' Fees" (document # 31) be **GRANTED IN PART AND DENIED IN PART**, that is the Motion to Dismiss is **GRANTED** and the Motion for Attorney's Fees is **DENIED IN PART**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: June 4, 2021

David S. Cayer
United States Magistrate Judge