UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00300-RJC-DSC

| | |
|---|---|
| MEARS GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SOUTHEAST UNDERGROUND SERVICES INC., ON POINT HDD, LLC, AMERICOM TECHNOLOGY INC., and CAROLINA ENVIRONMENTAL RESPONSE TEAM INC., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants Carolina Environmental Response Team, Inc., OnPoint HDD, LLC, and Americom Technology Inc.'s (the "Moving Defendants") Motion for Distribution of Funds (Doc. No. 41) (the "Motion"). The Court reserves ruling on the Motion. The Court hereby provides notice to all Defendants that, for the reasons stated herein, the Court intends to grant the Motion upon the terms set forth below if no objections are filed to this proposed Order within fourteen (14) days of entry.

I. BACKGROUND

Plaintiff filed this interpleader action on May 29, 2020. (Doc. No. 1). According to the Complaint, Plaintiff subcontracted with Defendant Southeast Underground Services, Inc. ("SEUS") for a project in Charlotte, North Carolina. (Doc. No. 1 at 3). SEUS in turn subcontracted with the Moving Defendants to perform portions of the work. (*Id.*). After the work was completed, the balance remaining due to SEUS under the subcontract was $468,000, but Plaintiff was notified that SEUS had assigned the amounts owed to SEUS under the subcontract to Defendant Fairview

1

Funding, LLC ("Fairview"). (*Id.*). Between February and June 2020, Moving Defendants all served Notices of Claims of Lien on Funds upon the Plaintiff pursuant to Chapter 44A of the North Carolina General Statutes. (*Id.* at 3–4). The total amount claimed by the Moving Defendants' liens was in excess of the balance remaining due under the subcontract. (*Id.* at 4).

Plaintiff filed this interpleader action alleging that a dispute exists among Defendants as to how the balance due should be distributed, and that Plaintiff was ready and willing to pay the funds. (*Id.* at 4–5). Subsequently, Plaintiff deposited the $468,000 into the Registry of the Court, then was awarded $17,908.83 in attorney's fees and dismissed from the action. (Doc. No. 30, 39).

Now Moving Defendants have agreed to distribute the remaining funds proportionately and seek distribution of the remaining $450,091.17 as agreed. (Doc. No. 41). The nonmoving Defendants did not respond to Moving Defendants' Motion and the time for doing so has expired. *See* Local Rule 7.1(e).

## II. DISCUSSION

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *American General Life Ins. Co. v. Ruiz*, 480 F. Supp. 3d 702, 706 (E.D.N.C. 2020). Such actions protect the stakeholder from "risk of inconsistent claims to the property or judgments against the stakeholder that exceed the value of the property." *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 244 (4th Cir. 2021). Generally interpleader actions are two stages, first a court determines whether the action is appropriate, and if so, the court determines the respective rights of the claimants. 7 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1714.

Pursuant to North Carolina statute, a "second tier subcontractor who furnished labor, materials, or rental equipment at the site of the improvement shall have a lien upon funds that are

2

owed to the first tier subcontractor with whom the second tier subcontractor dealt and that arise out of the improvement on which the second tier subcontractor worked or furnished materials." N.C. Gen. Stat. § 44A-18(b).  Such liens arise, attach, and are effective immediately upon the "first furnishing of labor, materials, or rental equipment at the site of the improvement by a subcontractor."  N.C. Gen. Stat. § 44A-18(f).  To perfect such the lien subcontractors must give notice of their claim of lien upon funds in writing by following certain procedures set forth in statute.  *Id.*  Perfected liens on funds "have priority over all other interests or claims theretofore or thereafter created or suffered in the funds by the person against whose interest the lien upon funds is asserted, including . . . assignments."  N.C. Gen. Stat. § 44A-22.

Here, Moving Defendants claim the funds as second tier subcontractors with perfected liens on the funds that are owed to the first tier subcontractor SEUS.  (Doc. Nos. 1-2, 1-3, 1-4). According to the Complaint, Defendant Fairview's interest in the funds arose by way of a contractual assignment from SEUS.  (Doc. No. 1-1).  Neither Fairview nor SEUS have presented any additional evidence indicating they are otherwise entitled to the funds or have priority to the funds.  Therefore, based on the evidence before the Court, it appears the Moving Defendants are entitled to and have priority in the funds by way of their claim of liens.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court reserves ruling on Defendants Carolina Environmental Response Team, Inc., OnPoint HDD, LLC, and Americom Technology Inc.'s Motion for Distribution of Funds (Doc. No. 41); and

2. The Court hereby provides notice to all Defendants that if no objections are filed to this Order within fourteen (14) days of its entry, for the reasons stated herein, the Court

intends to grant the Motion, and direct the Clerk of Court to distribute the remaining funds as follows:

| Carolina Environmental Response Team, Inc. | $248,585.35 |
|---|---|
| OnPoint HDD, LLC | $161,402.69 |
| Americom Technology Inc. | $ 40,103.13 |

Signed: January 6, 2022

Robert J. Conrad, Jr.
United States District Judge